# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
January 7, 2014 Session

## RASHE MOORE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**Nos. 00-06306, 00-06313 – 00-06317      W. Otis Higgs, Jr., Judge**

---

**No. W2013-00674-CCA-R3-PC  -  Filed April 22, 2014**

---

ROGER A. PAGE, concurring in part and dissenting in part.

I concur with the majority opinion except for one issue.  I respectfully disagree with the majority's conclusion that the failure to instruct the jury on the lesser-included offense of aggravated kidnapping constitutes reversible error in this post-conviction case.  Such a failure to charge a lesser-included offense is harmless beyond a reasonable doubt when no reasonable jury would have convicted the petitioner of the lesser-included offense. *State v. Banks*, 271 S.W.3d 90, 126 (Tenn. 2008).  The difference between especially aggravated kidnapping and aggravated kidnapping, as relevant to this case, is that especially aggravated kidnapping requires the defendant to accomplish the kidnapping with a deadly weapon while aggravated kidnapping merely requires that the defendant possess or threaten to use a deadly weapon. *See* Tenn. Code Ann. §§ 39-13-304, -305.  The Sentencing Commission Comments to section 39-13-305, the especially aggravated kidnapping statute, state, "If a weapon is in the defendant's possession but is not used, the kidnapping is punishable pursuant to § 39-13-304, aggravated kidnapping."  The Sentencing Commission Comments to section 39-13-304 provide a clear example of the difference between aggravated kidnapping and especially aggravated kidnapping:

> For example, during the kidnapping, if the defendant had a deadly weapon in his or her pocket but did not mention or use it, or if he or she did not have a deadly weapon in his or her possession, but threatened the victim with the use of a deadly weapon, the offense would be punishable as an aggravated kidnapping under this section.  If the defendant actually used a deadly weapon or used something other than a deadly weapon but convinced the victim that it was a deadly weapon, the offense would be punishable as an especially aggravated kidnapping under § 39-13-305(a)(1).

In this case, it is uncontested that the petitioner and his compatriots *used* guns to accomplish the kidnappings. As the majority opinion states, "[T]he evidence was overwhelming and uncontroverted that *a gun was used to accomplish the acts* regarding all seven victims." (emphasis added). The summary of the trial testimony is replete with the phrase "at gunpoint." This court has repeatedly held that holding a victim at gunpoint amounts to especially aggravated kidnapping. *See, e.g., State v. Montreal Lyons*, No. W2006-02445-CCA-R3-CD, 2008 WL 2699657, at *3-4 (Tenn. Crim. App. July 9, 2008); *State v. Carvin Lamont Thomas*, No. M2002-01716-CCA-R3-CD, 2003 WL 21233512, at *5 (Tenn. Crim. App. May 28, 2003); *State v. Jarvis Williams and John Williams*, No. W2002-03010-CCA-R3-CD, 2003 WL 23100810, at *6 (Tenn. Crim. App. Dec. 23, 2003); *State v. Antonius Harris*, No. W2001-02617-CCA-R3-CD, 2002 WL 31654814, at *7 (Tenn. Crim. App. Nov. 7, 2002). From these cases and others like them, I reason that the evidence in this case shows that the petitioner did more than merely possess or threaten to use a deadly weapon — he *used* his gun to kidnap the victims. Therefore, I conclude that the jury in this case, which obviously heard the testimony that the petitioner and his co-defendants held the victims at gunpoint, would not have convicted the petitioner of aggravated kidnapping even if it had been charged as a lesser-included offense. Thus, the failure to charge aggravated kidnapping as a lesser-included offense was harmless beyond a reasonable doubt, and petitioner suffered no prejudice by his attorney's failure to request that it be charged. Accordingly, I would affirm the judgment of the post-conviction court in all respects.

_____
ROGER A. PAGE, JUDGE